IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00161-GPG

ROBIN DILGER,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
COLORADO DEPARTMENT OF CORRECTIONS TIME COMPUTATION AND
    RELEASE, and
PAROLE OFFICER SERGIO MARIANI,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff Robin Dilger was is in the custody of the Colorado Department of Corrections and incarcerated at the Denver Women's Correctional Facility in Denver, Colorado, when she initiated this action by filing *pro se* a Prisoner Complaint. On January 24, 2015, Magistrate Judge Gordon P. Gallagher entered an order and directed Plaintiff to cure certain deficiencies in the pleading. Specifically, Magistrate Judge Gallagher directed Plaintiff to submit a request to proceed pursuant to 28 U.S.C. § 1915 or in the alternative to pay the filing fee. Plaintiff also was directed that if she desires to continue with this action and challenge the execution of her sentence she must file her claims on a Court approved form used in filing a 28 U.S.C. § 2241 action.

    Magistrate Judge Gallagher warned Plaintiff that the action would be dismissed without further notice if she failed to cure the deficiencies within thirty days. Plaintiff complied with the Court Order and submitted her claims on proper Court-approved

forms used in filing a 28 U.S.C. § 2241 application and a 28 U.S.C. § 1915 motion that is used in habeas actions. Plaintiff, however, failed to provide her signature on the signature page of either form. Magistrate Judge, nonetheless, entered a Minute Order on March 4, 2015, that allowed Plaintiff an additional fourteen days to comply with the Order to Cure Deficiencies.

On March 19, 2015, the envelope in which the March 4 Order was sent to Plaintiff, was returned to the Court and marked, "No Longer Here," and "No Forward Info." The local rules of this Court require a litigant to file a notice of new address within five days of any address change. See D.C.COLO.LAttyR 5(c) (formerly D.C.COLO.LCivR 11.1(d), prior to the December 1, 2014 amendments). Although pro se pleadings are construed liberally, pro se litigants are bound by the same rules of procedure that governs other litigants. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Plaintiff has not filed a notice of address change with the Court.

Nonetheless, Plaintiff now has failed to communicate with the Court, and as a result she has failed to cure the deficiencies within the time allowed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the January 24, 2015 Order, within the time allowed, and for failure to prosecute. It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  25th  day of    March        , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court